IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ATRAVIUS SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-271-MHT-SMD |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Atravius Smith is before the court on a motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. (Doc. 1.)[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that the § 2255 motion be DENIED without an evidentiary hearing and that this action be DISMISSED with prejudice.

**I.    BACKGROUND**

On May 22, 2018, a jury found Smith guilty of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute marijuana, in violation of § 841(a)(1) and 18 U.S.C. § 2. (Doc. 5-3 at 100.) On September 20, 2018, the district court sentenced Smith to 60 months' imprisonment for each conviction and directed that the terms of imprisonment be served consecutively. (Doc. 5-4 at 6.)

---

[1] Documents filed in this action are referenced as "Doc." Documents filed in the underlying criminal case (No. 2:17-cr-480) are referenced as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the versions presented for filing.

Smith appealed, arguing that (1) the district court should have granted his motion for judgment of acquittal challenging the sufficiency of the evidence, and (2) the district court procedurally erred by ordering his two 60-month sentences to be served consecutively, and his total 120-month sentence was substantively unreasonable. (Doc. 5-5). On May 12, 2020, the Eleventh Circuit issued an opinion upholding Smith's convictions and sentence.[2] *United States v. Smith*, 813 F. App'x 450 (11th Cir. 2020).

On April 1, 2021, Smith filed the pending motion under 28 U.S.C. § 2255 to assert the following claims:

(1) that his right to protection against double jeopardy was violated when he was sentenced to consecutive 60-month sentences for distribution of marijuana and conspiracy to distribute marijuana;

(2) that the presentence investigation report ("PSR") incorrectly calculated his criminal history score;

(3) that unlawfully seized cell-phone evidence was used against him at trial; and

(4) that his appellate counsel was ineffective for failing to appeal his two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the offense.

(Doc. 1 at 4–8; Doc. 2 at 1–4.)

## II.   LEGAL STANDARD FOR § 2255 RELIEF

Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and

---

[2] On February 1, 2024, the district court granted Smith a sentence reduction pursuant to 18 U.S.C. §3582(c)(2), reducing his term of imprisonment to 112 months. (Crim. Doc. 374.)

2

would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A prisoner may obtain relief under § 2255 when the trial court imposes a sentence that (1) violates the Constitution or laws of the United States, (2) exceeds its jurisdiction, (3) exceeds the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III. DISCUSSION

#### A. Procedurally Defaulted Claims

The following claims raised by Smith in his § 2255 motion were not raised in his direct appeal:

- Smith's right to protection against double jeopardy was violated when he was sentenced to consecutive 60-month sentences for distribution of marijuana and conspiracy to distribute marijuana (*see* Doc. 1 at 4; Doc. 2 at 1–3).

- The PSR incorrectly calculated Smith's criminal history score (*see* Doc. 1 at 5; Doc. 2 at 3).

- Unlawfully seized cell-phone evidence was used against Smith at trial (*see* Doc. 1 at 7; Doc. 9 at 6).

Before presenting a claim in a § 2255 motion, a petitioner generally must advance a challenge to that claim on direct appeal. *Lynn,* 365 F.3d at 1234. If a petitioner fails to raise the claim on direct appeal, then it is considered procedurally defaulted. *See Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020). There are two exceptions to this rule. Under the first exception, a petitioner must demonstrate "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error."[3] *Lynn*, 365 F.3d at 1234. Under the second exception, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. (citations omitted).

Though allowed an opportunity to do so (*see* Doc. 6), Smith asserts no grounds as cause excusing the procedural default of any of his claims. Nor does he seek to make a colorable claim of actual innocence. Therefore, his procedurally defaulted claims are barred from collateral review. In any event, as explained below, Smith fails to demonstrate that any of his defaulted claims are meritorious.

    **1.**    ***Double Jeopardy Claim***

Smith says his protections against double jeopardy were violated when he was sentenced to consecutive 60-month sentences for distribution of marijuana and conspiracy to distribute marijuana. (Doc. 1 at 4; Doc. 2 at 1–3.) Smith argues that the distribution

---

[3] "'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). To establish actual prejudice, the petitioner "must show that the error worked to his actual and substantial disadvantage, not merely the possibility of prejudice." *Carlyle*, 836 F. App'x at 783 (citation omitted).

4

count, 21 U.S.C. § 841(a)(1), was included within the conspiracy count, §§ 841(a)(1) and 846, so that he received multiple punishments for the same conduct and offense. (Doc. 2 at 2.) But "[i]It has been long and consistently recognized by the [Supreme] Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946). *See, e.g.*, *United States v. Ternus*, 598 F.3d 1251, 1254–55 (11th Cir. 2010) ("[C]onspiracy and the related substantive offense which is the object of the conspiracy are separate and distinct crimes.") (citation omitted). The two offenses for which Smith was convicted and sentenced—the substantive count of distribution of marijuana and the count charging conspiracy to distribute marijuana—were separate and distinct offenses for purposes of double jeopardy analysis. Smith's claim here therefore lacks merit (in addition to being procedurally barred).

### 2.  *Criminal History Score*

Smith asserts various errors in the PSR's calculation of his criminal history score. (Doc. 1 at 5; Doc. 2 at 3.) But he proves no error.

The first alleged error cited by Smith relates to paragraph 43 of the PSR, which assessed Smith one point in his criminal history score under U.S.S.G. § 4A1.1(c)[4] for his 2006 misdemeanor conviction in the Millbrook, Alabama Municipal Court for second-degree possession of marijuana. (Doc. 5-1 at 13–14.) Smith states that among prior offenses

---

[4] Section 4A1.1(c) provides that a defendant should be assessed one criminal history point "for each prior sentence not counted in [§ 4A1.1](a) or (b)."

that are not to be counted in calculating the criminal history score are "local ordinance violations (except those violations that are also violations under state criminal law.)" (Doc. 1 at 5.) Second-degree possession of marijuana is an offense under Alabama criminal law, specifically, Ala. Code § 13A-12-214. Therefore, Smith's implied argument here is unavailing. Smith also argues that this 2006 conviction should not be counted because he was not represented by counsel when he was convicted of that offense. (Doc. 9 at 5.) But criminal history points may be assessed for uncounseled misdemeanor convictions. *United States v. Acuna-Reyna*, 677 F.3d 1282, 1285–86 (11th Cir. 2012).

The second alleged error cited by Smith relates to paragraph 45 of the PSR, which assessed Smith two points in his criminal history score under U.S.S.G. § 4A1.1(b)[5] for his 2008 misdemeanor conviction in the Elmore County, Alabama District Court for driving under the influence of a controlled substance ("DUI"). (Doc. 5-1 at 14–15.) Smith refers to guideline provisions, specifically those in U.S.S.G. § 4A1.2(f),[6] for treatment of

---

[5] Section 4A1.1(b) provides that a defendant should be assessed two criminal history points "for each prior sentence of imprisonment of at least sixty days not counted in [§ 4A1.1](a)."

[6] Section § 4A1.2(f) states:

> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

A deferred adjudication process that does not require a finding of guilt is not a prior sentence for § 4A1.1(c) purposes, while a deferred adjudication process that involves a finding of guilt is. *See* U.S.S.G. § 4A1.2(f). The Application Notes provide the reasoning for this distinction: "Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants

diversionary dispositions in calculating criminal history scores. (Doc. 2 at 3.) But, as the government notes, there is no indication in the record that the DUI offense referenced in paragraph 45 was a diversionary disposition. Rather, the record shows that Smith received a 90-day suspended sentence, was placed on probation, and later had that probation revoked several times, resulting in his serving several weeks in jail. **(**Doc. 5-1 at 14–15.**)**

The final alleged error cited by Smith relates to paragraph 52 of the PSR, which assessed Smith one point in his criminal history score under § 4A1.1(c) for his 2015 misdemeanor conviction in the Wetumpka, Alabama Municipal Court for third-degree theft of property. (Doc. 5-1 at 17–18.) Smith argues that this 2015 conviction should not be counted because he was not represented by counsel when he was convicted of that offense. (Doc. 2 at 3–4.) As previously noted, though, criminal history points may be assessed for uncounseled misdemeanor convictions. *Acuna-Reyna*, 677 F.3d at 1285–86.

All of Smith's arguments related to his criminal history computation lack merit—in addition to being procedurally barred.

### 3. *Admission of Cell-Phone Evidence*

Smith asserts that unlawfully seized cell-phone evidence was used against him at trial. (Doc. 1 at 7; Doc. 9 at 6.) But the record reflects that the district court granted the defense's motion to suppress information taken from Smith's cell phone, and no information obtained from Smith's cell phone was admitted at trial. (*See* Crim. Doc. 181; Doc. 5-2 at 9–15, 145–79.) Evidence taken from two other cell phones belonging to one of

---

who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2 cmt. n.9.

Smith's codefendants was admitted at trial. But Smith had no expectation of privacy in cell phones that did not belong to him. "[A]n individual's Fourth Amendment rights are *not* infringed—or even implicated—by a search of a thing or place in which he has no reasonable expectation of privacy." *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (emphasis in original). Smith therefore has no basis for challenging the cell-phone evidence admitted at trial. Smith's claim here lacks merit (as well as being procedurally barred).

### B.     Counsel's Failure to Appeal Firearm Enhancement

Lastly, Smith claims that his appellate counsel was ineffective for failing to appeal his two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the offense. (Doc. 1 at 8; Doc. 9 at 6–7.) According to Smith, the § 2D1.1(b)(1) firearm enhancement could not be applied to him because the jury found him not guilty of Count 4 of the indictment, which charged him with possessing a firearm in furtherance of a drug trafficking crime. (Doc. 1 at 8.) Smith's trial counsel raised this argument at sentencing, but it was rejected by the district court. Appellate counsel did not pursue the issue on appeal.

To prevail on an ineffective-assistance of counsel claim, a petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Performance is deficient when it falls below "an objective standard of reasonableness and [is] outside the wide range of professionally competent assistance." *Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted). Generally, in order to establish prejudice a

8

petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Unless a petitioner satisfies the showings required under both the performance and prejudice prongs of *Strickland*, relief on an ineffective-assistance claim should be denied. *Id.* at 687. Once a court decides that one of the requisite showings under *Strickland* has not been made, it need not decide whether the other has. *Id*. at 697; *see Clark v. Comm'r, Alabama Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir. 2021).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To assess the performance of appellate counsel, a court also applies the *Strickland* two-prong, deficient performance/prejudice test. *United States v. Scripps*, 961 F.3d 626, 632 (3d Cir. 2020). To establish ineffective assistance of appellate counsel, a petitioner must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] 'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985)).

In a crime involving the manufacture, import, export, or trafficking of illegal drugs, the sentencing guidelines direct that a two-level increase should be applied "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The increase is appropriate "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id*. § 2D1.1 cmt. n.11(A).

Even if Smith's appellate counsel had appealed the district court's unfavorable ruling on the § 2D1.1(b)(1) firearm enhancement, such a challenge would have been fruitless. A conviction under 21 U.S.C. § 841 can be enhanced for firearm possession even when the defendant is acquitted on a firearm-possession charge. *United States v. George*, 872 F.3d 1197, 1204–05 (11th Cir. 2017). *See also, e.g.*, *United States v. Smith*, 370 F. App'x 29. 36–38 (11th Cir. 2010). Because Smith cannot show that the outcome of his appeal would have been different had his counsel pursued this issue, he cannot say he was prejudiced. Further, counsel's performance is not deficient where counsel does not pursue a meritless claim. Counsel is not ineffective for failing to pursue a meritless issue. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Smith's claim of ineffective assistance of appellate counsel lacks merit and is due to be denied.

## IV.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is ORDERED that all objections to this Recommendation must be filed no later than **June 24, 2024**. An objecting party must identify the specific portion(s) of all factual findings/ legal conclusions to which the objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Judge of any factual findings or legal conclusions

contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Judge, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1; *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 10th day of June 2024.

         /s/ Stephen M. Doyle
        STEPHEN M. DOYLE
        CHIEF U.S. MAGISTRATE JUDGE